UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN DEARING,

     Plaintiff,

  v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

     Defendants.

Case No. 1:11-cv-204

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *in forma pauperis*, filed this *pro se* civil rights case while incarcerated at the Ohio State Penitentiary, alleging that nine defendants have violated his civil rights, including but not limited to exhibiting deliberate indifference to his serious medical needs. Although Magistrate Judge Litkovitz filed a Report and Recommendation ("R&R") recommending that some of Plaintiff's claims be dismissed for failure to state a claim upon initial screening, she recommended that the Court permit a portion of Plaintiff's Eighth Amendment claims to proceed against six of the named defendants, to the extent that the claims were not patently frivolous or barred by the statute of limitations. (Doc. 13). Plaintiff has filed objections to that R&R, which has not yet been adopted or rejected by the presiding district judge. Four of the six Defendants against whom claims were permitted to proceed have now been served with a summons and copy of the complaint, although two have yet to be served. None of the Defendants have yet appeared or filed an answer.

In addition to his complaint, Plaintiff has filed a motion seeking a temporary restraining order ("TRO") and preliminary injunction (Doc. 12). In determining whether to issue a TRO or an emergency injunction, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*See Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order).

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction in this case. Although the deciding factor is his failure to prove a likelihood of success on the merits, Plaintiff has demonstrated none of the factors required to obtain injunctive relief.

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. LexingtonFayette Urban County*

2

*Government,* 305 F.3d 566, 573 (6th Cir.2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir.1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir.1984)("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

In this case, Plaintiff has failed to satisfy his heavy burden of demonstrating that extraordinary relief is warranted. His motion for a TRO and for preliminary injunctive relief are based upon essentially the same allegations as listed in his complaint. In fact, Plaintiff refers to some of the same allegations that Magistrate Judge Litkovitz has recommended be dismissed for failure to state a claim, based upon the applicable statute of limitations. Although Judge Litkovitz has recommended service upon some Defendants based upon a few of Plaintiff's allegations, permitting a prisoner civil rights claim to proceed as non-frivolous is far from a determination that the claim is likely to succeed on the merits.

Plaintiff's motion seeks injunctive relief requiring immediate medical treatment, complaining that the treatment he has received to date from the Defendants is "cursory." However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

For these reasons, **IT IS RECOMMENDED** that Plaintiff's motion for a TRO and/or preliminary injunctive relief (Doc.12) be **DENIED**.

    */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN DEARING,

    Plaintiff,

v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

    Defendants.

Case No. 1:11-cv-204

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).