**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Marvin Dearing,

         Plaintiff,                          Case No.: 1:11-cv-204

       v.                                Judge Michael R. Barrett

Institutional Inspector Mahalma, et al,

         Defendants.

**<u>OPINION & ORDER</u>**

This matter is before the Court on two Report and Recommendations. Magistrate Judge Karen L. Litkovitz filed the first Report and Recommendation ("First Report") on May 31, 2011 (Doc. 13).  After the Court granted Plaintiff Marvin Dearing leave to proceed *in forma pauperis*, the First Report was a sua sponte review of his complaint.  (Doc. 13, 1.)[1]  The First Report recommends that Plaintiff's claims against three of this case's nine Defendants be dismissed.  (Doc. 13, 5.)  Plaintiff filed an Objection ("First Objection") (Doc. 17).

After the case was reassigned, Magistrate Judge Stephanie K. Bowman filed a second Report and Recommendation ("Second Report") on July 14, 2011 (Doc. 27), which corresponds with Plaintiff's Motion for a Temporary Restraining Order and a Permanent Injunction (Doc. 12).  The Second Report recommends that Plaintiff's motion be denied.  (Doc. 27, 4.)  Plaintiff filed an additional Objection ("Second Objection") (Doc. 30), to which Defendants have filed a response in opposition (Doc. 35).

---

[1] All Court document citations are to Docket Entry numbers.

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2]  Plaintiff's Objections are ripe for review.  For the reasons stated below, the Court OVERRULES both of Plaintiff's Objections and both Reports are ADOPTED in full.

## I.    Background

The facts of this case are sufficiently detailed in the two Reports and in Defendant's two Objections.  (*See* Doc. 13, 1, 3–4; Doc. 17, 1–4; Doc. 27, 1; Doc. 30, 3–4.)  Thus, the Court only repeats the most basic facts here.

Plaintiff Marvin Dearing, an inmate at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio, has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 8.)  He brings two claims under 42 U.S.C. § 1983.  The first claim alleges an Eighth Amendment violation of Plaintiff's right to be free from cruel and unusual punishment under the deliberate indifference standard for denial of medical treatment.  The second claim alleges a violation of Plaintiff's First Amendment right to send and receive mail requesting medical attention.  (Doc. 9, 7.)  He brings suit against SOCF Nurse Health Care Administrator Clagg, SOCF Institutional Inspector Mahlman, SOCF Nurses Joiner, Penron, and Durham, SOCF Doctor William McLemore, SOCF Nurse Practitioner Adkins ("Nurse Adkins"), SOCF Corrections Officer Fri, and SOCF Mail Room Supervisor Lt. Adkins ("Lt. Adkins").  (Doc. 13, 1.)  More specific facts relating to each Report are stated below.

---

[2] Notice was attached to both Reports regarding objections.  (Doc. 13, 7; Doc. 27, 5.)

## II.  Analysis

### A.  Standard of Review

When objections are received to a magistrate judge's report and

recommendation on a dispositive matter, the district judge "must determine de novo any

part of the magistrate judge's disposition that has been properly objected to."  Fed. R.

Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General

objections are insufficient to preserve issues for review; "[a] general objection to the

entirety of the magistrate's report has the same effects as would a failure to object."

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B.  The First Report and Plaintiff's First Objection

The First Report is before the Court on a sua sponte review of Plaintiff's

Complaint (Doc. 9).  The First Report examines whether any portion of the Complaint

should be dismissed as frivolous or malicious, for failure to state a claim upon which

relief may be granted, or because it seeks monetary relief from a defendant who is

immune from such relief.  (Doc. 13, 1); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 1.  Standard

In enacting the original *in forma pauperis* statute, Congress recognized that "'a

litigant whose filing fees and court costs are assumed by the public, unlike a paying

litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (*quoting Neitzke v.

Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has

authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest that clearly does not exist.  *Id.* at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (*quoting Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).  A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (stating that "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not

4

"accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S.
at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need
not contain "detailed factual allegations," it must provide "more than an unadorned, the-
defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (*citing
Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions," or, "a
formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S.
at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]," devoid of "further
factual enhancement."  *Id.* at 557.

### 2.    Background Facts

Plaintiff, who is proceeding pro se, has bullet fragments lodged in his neck.
These fragments allegedly cause chronic and severe pain, which leaves him unable to
perform physical activities or to sleep.  (Doc. 17, 5.)  Plaintiff maintains that SOCF
personnel and staff have been deliberately indifferent to his serious medical needs by
either delaying or denying medical treatment from 2008 to the present.  Plaintiff states
that on numerous occasions he has made written requests for medical services to the
Defendant nurses who have failed to submit the written requests to the appropriate
authorities.  Plaintiff alleges that Nurse Adkins examined him in April 2010 and gave him
an x-ray.  He maintains that Nurse Adkins promised to follow up with additional
treatment to address his pain, but she failed to do so and did not respond to Plaintiff's
requests.  Plaintiff also states that Dr. McLemore advised him that he would prescribe
stronger medication for his pain, but the Dr. failed to provide any medication or follow-up
treatment.  Plaintiff further alleges that Nurse Durham has harassed him because of his
repeated requests for medical care and allegedly told Plaintiff that she "hopes he dies."

Plaintiff also states he filed numerous informal complaints with Health Care Administrator Clagg who failed to take corrective action in response.  Plaintiff further alleges that Inspector Mahlman failed to adequately investigate or respond to his grievances.  (Doc. 13, 3.)

Plaintiff makes additional allegations in his Brief of Memorandum of Law ("Brief of Memorandum") (Doc. 14).  Based on the docket, and on the fact that it was not filed until the day the First Report issued, it does not appear that the magistrate judge was able to consider the Brief of Memorandum as part of the First Report's recommendations.  This is significant because Plaintiff's Brief of Memorandum is the only document that details the facts of Plaintiff's First Amendment claim.  (*See* Doc. 13, 5; Doc. 9.)

Plaintiff's statement about his First Amendment claim in the Brief of Memorandum can be fairly summarized as follows.  Plaintiff states that on September 21, 2010, he attempted to send a certified letter.  Plaintiff left the letter in Defendant Fri's care.  The letter was addressed to the "central office," and it explained that Plaintiff was in severe pain and that the SOCF medical staff was denying him medical care.  (Doc. 14, 50–51.)  The letter also detailed ill treatment from particular SOCF medical staff. When Plaintiff became suspicious that the letter was not sent, he filed an informal complaint with Lt. Adkins asking whether the letter was mailed.  (Doc. 14, 51.) Dissatisfied with the results of that complaint, Plaintiff filed a grievance on October 14, 2010.  The disposition of that grievance concluded that Plaintiff did not send out any mail in September, as Plaintiff asserted.  Rather, it found that he sent several letters in October instead, one of which was to the "central office."  (Doc. 14, 52.)  Plaintiff alleges

that this investigation was deficient because no one ever questioned Defendant Fri about what happened to Plaintiff's letter.  Plaintiff also alleges that Lt. Adkins did not investigate the matter either, which as Plaintiff states, "is why he is a Defendant in this action." (Doc. 14, 53.)  Plaintiff appealed this disposition, but it was again found that Plaintiff sent out several letters in October of 2010 but none in September.  (Doc. 14, 54.)  Plaintiff concludes by alleging that the hindering of his outgoing mail is a violation of his First Amendment rights.  (Doc. 14, 55.)

The Complaint itself is entirely silent as to any of these facts.  Other than stating that Plaintiff brings a First Amendment claim regarding the sending of mail, it does not mention this claim.  (*See* Doc. 9, 7.)

The First Report recommends that the claims against Defendants SOCF Institutional Inspector Mahlman, SOCF Corrections Officer Fri, and SOCF Mail Room Supervisor Lt. Adkins be dismissed.  (Doc. 13, 5.)  More specifically, it recommends that the claims against Defendant Mahlman be dismissed because to the extent that Plaintiff claims a failure to properly investigate and respond to his grievances, Plaintiff fails to state a claim because he has no constitutional right to an effective grievance procedure. (Doc. 13, 5.)  Plaintiff does not object to this recommendation.  (*See* Doc. 17.)  The First Report further recommends that the claims against Defendants Fri and Lt. Adkins be dismissed because the Complaint fails to allege any facts or wrongdoing on their part. (Doc. 13, 5.)  The Brief of Memorandum mentions them in relation to Plaintiff's First Amendment claim (Doc. 14, 50–55), as described above, but the Complaint is silent as to both of them (*see* Doc. 9).  The First Report additionally recommends that because a two-year statute of limitations is applicable to civil-rights actions, and because this

action was filed in April 2011, Plaintiff's pre-April 2009 claims are barred and should be dismissed.  (Doc. 13, 4.)  The First Report finally recommends that Plaintiff's post-March 2009 Eighth Amendment claims of deliberate indifference to serious medical needs against Defendants Clagg, Joiner, Penron, Durham, McLemore, and Nurse Adkins are deserving of further development and should proceed.  (Doc. 13, 4.)

### 3.    Plaintiff's First Objection

Plaintiff's First Objection (Doc. 17) makes the following three arguments:[3] (1) because Plaintiff's allegation of deliberate indifference to his serious medical needs began in 2008 and continued unabated until June 2011, this should be considered a continuing harm thereby allowing Plaintiff to recover for the entire course of conduct regardless of the statute of limitations (Doc. 17, 5–7); (2) Plaintiff's First Amendment claim regarding his right to send mail should not be dismissed because he filed a "Brief and Memorandum which was a separate complaint with detailed facts of the First Amendment claim involving Defendants Fri and [Lt.] Adkins" (Doc. 17, 8); and (3) Plaintiff should be granted leave to amend his Complaint to add the facts and details in support of his First Amendment claim (Doc. 17, 9–10).  Plaintiff does not object to the First Report's recommendation that Defendant Mahlman be dismissed.  (*See* Doc. 17.) Therefore, that recommendation is ADOPTED without further discussion.

### a.    First Argument—Statute of Limitations and Continuing Violations

Plaintiff first argues that because his allegations of deliberate indifference to his serious medical needs began in 2008 and continued unabated until June 2011, this

---

[3] Note that Plaintiff did not organize each of these arguments as distinctly as the Court has listed them here.  (*See* Doc. 17, 5–10.)  But for the sake of addressing everything thoroughly and efficiently, this is how the Court organizes its analysis.

claim should be considered a continuing harm under the continuing-violations doctrine. Accordingly, Plaintiff argues that he should be allowed to recover for the entire course of conduct regardless of the statute of limitations. (Doc. 17, 5–7). The Sixth Circuit uses a three-part test to determine if a continuing violation exists: (1) the defendant's wrongful conduct must continue after the precipitating event; (2) injury to the plaintiff must continue to accrue after the event, and (3) further injury to the plaintiffs must have been avoidable if the defendants had at any time ceased their wrongful conduct. *Paschal v. Flagstar Bank*, 295 F.3d 565, 572 (6th Cir. 2002) (*citing Tolbert v. State of Ohio Dept. of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)).

To start, the Court notes that the cases Plaintiff cites do not support his argument. Plaintiff first cites *Hensley v. City of Columbus*, 557 F.3d 693 (6th Cir. 2009), for the proposition that Ohio courts have applied the continuing-violation doctrine. (Doc. 17, 6.) While it is true that Ohio courts do apply the continuing-violation doctrine in some limited circumstances, *Hensley* dealt with an issue of property law and a claim under the Fifth Amendment takings clause. *Id.* at 695–96. That case is not related to any sort of Eighth Amendment claim. *See id.* Furthermore, the *Hensley* court refused to apply the continuing-violation doctrine in that case, making it doubly inapplicable here. *Id.* at 697–98.

Second, Plaintiff cites to *Tiberi v. Cigna Corp.*, 89 F.3d 1423 (10th Cir. 1996), in arguing that Plaintiff's claim should accrue based on the "date of last injury or when the wrong is over and done with." (Doc. 17, 6.) But *Tiberi*'s holding relative to the continuing-violation doctrine is based entirely on New Mexico statute, which does not apply here, and even so, it only applies "[i]n actions for relief, on the ground of fraud or

9

mistake . . . ." *Id.* at 1430.

Finally, Plaintiff cites to *Ingalls v. Florio*, 968 F. Supp. 193 (D.N.J. 1997), for the proposition that the continuing-violation doctrine applies to claims alleging the denial of medical care. (Doc. 17, 6.) *Ingalls* is factually similar to this case—it deals with claims of inadequate medical care—and it applied the continuing-violation doctrine to certain claims to hold that certain claims were not time-barred. *Id.* at 200–01. However, *Ingalls* is not binding precedent, and this Court is not obligated to follow it.

While unpublished Sixth Circuit opinions are not binding on this Court either, they are strongly persuasive. *See Corell v. CSX Transportation, Inc.*, 378 F. App'x 496, 499 n.1 (6th Cir. 2010) ("Unpublished opinions of [the Sixth Circuit] are not precedentially binding under the doctrine of stare decisis, but may be considered for their persuasive value.") One unpublished Sixth Circuit opinion considers the same issue under consideration here—whether the continuing-violation doctrine should be applied to a prisoner's § 1983 claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466 (6th Cir. 2010). In *Bruce*, the Sixth Circuit held that the continuing-violation doctrine did not apply to the plaintiff's Eighth Amendment claim in that case.[4] *Id.* at 466. The plaintiff in *Bruce* was a prisoner in state custody. He alleged that prison officials denied him medical treatment for injuries he suffered while working at his prison job. *Id.* at 463. He claimed that they were deliberately indifferent to his medical needs for almost five years. *Id.* at 464. The Sixth Circuit held that "[a]ctual acts by [a defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute

---

[4] The Sixth Circuit also considered this issue in *Cuco v. Fed. Med. Ctr., Lexington*, 257 F. App'x 897, 899 (6th Cir. 2007). *Cuco* agreed, holding that the continuing-violation doctrine was inapplicable, but it did so with no discussion. *Id.* at 899–900.

of limitations." *Id.* at 467. The Court went only to hold that acts occurring before the statute of limitations were time-barred. *Id.* This result corresponds with the Sixth Circuit's general disapproval of applying the continuing-violation doctrine in civil rights actions. *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (stating that the Sixth Circuit "employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions"). This result also corresponds with a decision by a district court within the Sixth Circuit. *See Flottman v. Hickman County, Tenn.*, No. 3-09-0770, 2010 WL 4054150 (M.D. Tenn. Oct. 14, 2010) (holding that the continuing-violation doctrine did not apply to § 1983 Eighth Amendment claim).

Given the Sixth Circuit's reluctance to apply the continuing-violation doctrine to claims of deliberate indifference to serious medical needs, as seen in *Bruce*, this Court is unwilling to apply the continuing-violation doctrine to Plaintiff's claim here. Plaintiff's objection here is therefore OVERRULED.

### b. Second Argument—Plaintiff's First Amendment Claim

Plaintiff next argues that his First Amendment claim regarding his right to send mail should not be dismissed because he filed a "Brief and Memorandum which was a separate complaint with detailed facts of the First Amendment claim involving Defendants Fri and [Lt.] Adkins." (Doc. 17, 8.) In essence, Plaintiff is alleging that all the facts relative to his First Amendment claim are stated in his Brief of Memorandum (Doc. 14) contemporaneously filed with the Complaint and that the brief should be considered as part of his Complaint.

To begin, Plaintiff maintains that his Complaint listed Lt. Adkins and Officer Fri both as Defendants and that they were properly served. (Doc. 17, 8.) These points do

11

not provide sufficient reason to reject the First Report's recommendations.  Simply naming and serving a Defendant does not satisfy Rule 8's requirement that a pleading contain "a short and plain statement of the claim showing that the pleading is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Rule 7 of the Federal Rules of Civil Procedure mandates that only certain pleadings are allowed.  Fed. R. Civ. P. 7(a).  One allowed form of pleading is, "a complaint."  *Id.*  But no mention is made of a brief or memorandum of law or any other similar type of brief in support of a complaint; Rule 7 makes no mention of a brief as an allowable form of pleading.  *See id.*  As such, Plaintiff's Brief of Memorandum does not suffice as a proper pleading.  *Id.*  This is especially true given that it was not filed until seven weeks after this case was initiated.  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 1) included Plaintiff's Complaint as an attachment (Doc. 1-1), but no mention was made of Plaintiff's Brief of Memorandum at that time (*see* Doc. 1).

As to Plaintiff's argument that his Brief of Memorandum was meant to be a "separate complaint," (Doc. 17, 8), this is unavailing.  First, Plaintiff's Brief of Memorandum does not comply with Rule 10's requirements as to the form of pleadings.  *See* Fed. R. Civ. P. 10(a) & (b).  Second, while Plaintiff's Brief of Memorandum could be construed as an Amended Complaint under Rule 15(a)(1), especially given his pro se status, this would be improper given that Plaintiff gave no indication that this was his intention at the time.  *See* Fed. R. Civ. P. 15(a).  (The question of granting leave to amend is considered in full below.)  Because Plaintiff's Complaint failed to state "a short and plain statement" of his First Amendment claim showing that he is entitled to relief, Plaintiff's objection here is OVERRULED.  *See* Fed. R. Civ. P. 8(a)(2).

12

### c. Third Argument—Leave to Amend Complaint

Plaintiff's final argument in his First Objection states that the Court should grant him leave to amend his Complaint to add the facts and details supporting his First Amendment claim (Doc. 17, 9–10). Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A trial court may consider a number of factors in making this determination including undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A court need not grant leave to amend where amendment would be futile. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (*citing Foman*, 371 U.S. at 182). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). Thus, Plaintiff's motion for leave to amend is treated as a motion to dismiss. Thus, as detailed more fully above, Plaintiff's statements about his First Amendment claim in the Brief of Memorandum "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570).

While prisoners have "a First Amendment right to send mail," *Rodgers v. Hawley*, 14 F. App'x 403, 408 (6th Cir. 2001), "random and isolated interference" with a

prisoner's mail does "not violate his constitutional rights."  *Johnson v. Wilkinson*, 229 F.3d 1152, at *2 (6th Cir. 2000) (unpublished table decision).  Considering the facts as stated and taking them as true, Plaintiff's only allegation is that one attempt at sending mail was thwarted—only one letter is at issue here.  (*See* Doc. 14, 50–55.)  Construing the facts alleged as true, Plaintiff cannot make out a constitutional claim merely because one letter was mishandled.  Plaintiff has failed to allege that any specific policy of interference was at work and he fails to allege any intentional interference.  Neither has he pled the existence of a conspiracy or any pattern of inference with his mail.  The majority of Plaintiff's allegations here refer to his dissatisfaction with the resulting investigation of his allegedly mishandled letter, and as the First Report accurately stated, "plaintiff has no constitutional right to an effective grievance procedure."  (Doc. 13, 5) (*citing Walker v. Mich. Dept. of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005) (holding that "there is no constitutionally protected due process right to unfettered access to prison grievance procedures").  Accordingly, because a violation of a constitutional right is required to obtain relief under § 1983, and because based on Plaintiff's alleged facts no such violation took place, Plaintiff is DENIED leave to amend his Complaint.  Any such amendment would be futile because Plaintiff's First Amendment claim does not state a claim upon which relief may be granted.  Plaintiff's objection here is OVERRULED.

### 4.    First Report and First Objection Conclusion

Because Plaintiff's First Objection is OVERRULED, the First Report is ADOPTED in its entirety.  First, the recommendation that the claims against Defendant Mahlman be dismissed is ADOPTED.  Defendant Mahlman is DISMISSED as a party to this case.

14

Second, the recommendation that the claims against Defendants Fri and Lt. Adkins be dismissed because the Complaint fails to allege any facts or wrongdoing on their part is ADOPTED.  Additionally, Plaintiff's objection requesting leave to amend his Complaint is OVERRULED because such amendment would be futile.  Defendants Fri and Lt. Adkins are DISMISSED as parties to this case.  Third, the recommendation that because of the two-year statute of limitations Plaintiff's pre-April 2009 claims are barred and should be dismissed is ADOPTED.  Plaintiff's objection here is OVERRULED. Finally, the recommendation that Plaintiff's post-March 2009 Eighth Amendment claims of deliberate indifference to serious medical needs against Defendants Clagg, Joiner, Penron, Durham, McLemore, and Nurse Adkins should proceed is ADOPTED. Defendant's have not objected to this recommendation.  Plaintiff's claims against these Defendants shall proceed accordingly.

**C.     The Second Report and Plaintiff's Second Objection**

The Second Report is before the Court relative to Plaintiff's Motion for a Temporary Restraining Order and a Permanent Injunction (Doc. 12).  This motion seeks a temporary restraining order ("TRO") "to ensure that the Plaintiff receives medical care and adequate incoming and out-going mailing rights."  (Doc. 12, 3.)  Plaintiff maintains that this extraordinary relief is necessary to prevent continuing violations of his Eighth and First Amendment rights.  (Doc. 12, 5–6.)

**1.     Standard**

In determining whether to grant a preliminary injunction, courts consider four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that

15

granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest."  *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009); *see also Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008).  "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (*quoting Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)).  A stronger showing of likelihood of success is required as the other factors militate against granting relief, but less likelihood of success is required when they do support granting relief.  *Performance Unlimited, Inc. v. Questar Publ'rs, Inc.*, 52 F.3d 1373, 1385–86 (6th Cir. 1995).  "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."  *City of Monroe*, 341 F.3d at 476.

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted.  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" because such an order necessarily "intrudes significantly into the prerogatives of state correctional officials . . . ."  *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *see also Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984) ("where state penal institutions are involved, federal courts have a further

16

reason for deference to the appropriate prison authorities").

## 2.     Background

Plaintiff attached his motion for temporary restraining order to his original Motion to Proceed *In Forma Pauperis.*  (Doc. 1-6.)  After Plaintiff was granted leave to proceed *in forma pauperis*, he filed his motion for TRO separately.  (Doc. 12.)  The Second Report states that "Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction in this case."  (Doc. 27, 2.)  It therefore recommends that the motion be denied.  (Doc. 27, 4.)

## 3.     Plaintiff's Second Objection

Plaintiff's Second Objection (Doc. 30) makes two arguments.  First, he argues that he is "more than likely" to succeed on the merits of his case, thereby warranting a grant of his motion for TRO.  (Doc. 30, 7.)  Second, Plaintiff argues that because he "is currently in pain [and] not receiving any medication," the Second Report's recommendation should be rejected and Plaintiff's motion for TRO should be granted. (Doc. 30, 10.)  Defendants have filed a response (Doc. 35) opposing these arguments.

### a.     First Argument—Success on the Merits

Plaintiff first argues that he "will more than likely succeed on the merits in this case."  (Doc. 30, 7.)  As far as the Court can discern, this is the extent of Plaintiff's argument.  He does nothing to develop this point, to show any possibility of success on the merits,[5] or to show how the Second Report is incorrect.  (*See* Doc. 30, 4–7.)

---

[5] The first factor to consider on a motion for preliminary injunction is "whether the plaintiff has demonstrated 'a strong likelihood of success on the merits.'"  *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007) (*quoting Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)).  While a party is not required to prove his entire case at a preliminary injunction hearing, to establish success on the merits, a plaintiff must show "'more than a mere possibility of

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (*citing Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller* , 50 F.3d at 380.  "'[O]bjections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error' are too general." *Spencer*, 449 F.3d at 725 (*quoting Miller*, 50 F.3d at 380). Furthermore, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (*citing Miller*, 50 F.3d at 380).

Because the Court cannot see any clear (or unclear) objection here, the Court must take Plaintiff's argument as a general objection, and general objections are insufficient to preserve issues for review. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991).  Therefore, Plaintiff's objection here is OVERRULED.

### b.    Second Argument—Current Medical Treatment

Plaintiff's second argument is that because he "is currently in pain [and] not receiving any medication," his motion for TRO should be granted.  (Doc. 30, 10.)  The Court is forced to take this as a general objection as well because other than stating that he is not receiving the medication he needs, Plaintiff makes no specific arguments as to why a TRO should be granted or showing how the Second Report is incorrect. Simply put, Plaintiff does not develop this argument beyond a general allegation.  As the

success.'" *Id.* (*citing  Camenisch*, 451 U.S. at 395, and *quoting Six Clinics Holding Corp. II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)).

Second Report concluded, Plaintiff does not allege sufficient facts here to warrant granting the extraordinary relief he requests.  Plaintiff's objection here is OVERRULED.[6]

### 4.    Second Report and Second Objection Conclusion

Because Plaintiff's Second Objection is OVERRULED, the Second Report is ADOPTED in its entirety.  Plaintiff's Motion for a Temporary Restraining Order and a Permanent Injunction (Doc. 12) is DENIED.

## III.    Conclusion

Based on the foregoing, both of Plaintiff's Objections are **OVERRULED**, and both Reports (Docs. 13 and 27) are **ADOPTED** in their entirety.  In adopting the Reports' recommendations, the Court **ORDERS** as follows:

- Defendant Mahlman is **DISMISSED** as a party to this case.

- Defendants Fri and Lt. Adkins are **DISMISSED** as parties to this case.

- Plaintiff's First Amendment claim is **DISMISSED**.

- Plaintiff's pre-April 2009 claims are **DISMISSED**.

- Plaintiff's post-March 2009 Eighth Amendment claims of deliberate indifference to serious medical needs against Defendants Clagg, Joiner, Penron, Durham, McLemore, and Nurse Adkins shall proceed.

- Plaintiff's Motion for a Temporary Restraining Order and a Permanent Injunction (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge

---

[6] Defendants argue that Plaintiff's motion for TRO has been rendered moot because Plaintiff has been transferred from SOCF to a different facility.  (Doc. 35, 5–6.)  Defendants may be correct here, but there is no need to reach this argument given the Court's holding.