**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARVIN DEARING,

    Plaintiff,

v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

    Defendants.

Case No. 1:11-cv-204

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, presently incarcerated at the Southern Ohio Correctional Facility and proceeding *pro se*, initially filed suit against nine defendants alleging several violations of his civil rights. Currently pending before the undersigned magistrate judge are Plaintiff's two motions for default judgment (Docs. 36, 43) based upon the failure of two Defendants to answer his complaint. Both motions should be DENIED due to a failure of service.

**I. Procedural History Relevant to Service**

By Report and Recommendation filed on May 31, 2011, the magistrate judge to whom this matter had been referred for initial screening under 28 U.S.C. §§1915(e) and 1915A recommended the dismissal of some of Plaintiff's claims, while permitting Plaintiff's allegations of deliberate indifference to his serious medical needs to proceed against six Defendants as to medical care provided within the two-year statute of limitations, or after March 2009. (*See* Report and Recommendation ("R&R"), Doc. 13). That R&R was adopted by the presiding district judge on August 24, 2011. (Doc. 38). Four of the referenced Defendants filed an answer on July 19, 2011, but two did not. (Doc. 28). In

the answer filed by those four Defendants, counsel explained that "Defendants Dr. McLemore and Nurse Practitioner Adkins have not been served and undersigned counsel is not authorized to waive service for these Defendants." (*Id.* at 1-2).

As this Court previously noted (Doc. 37), the Court's May 31, 2011 Order directed service by the United States Marshal upon each of the six defendants as to whom a claim had been stated, with service to be effected "as directed by plaintiff." Summons was thereafter issued to five of the six defendants,[1] all of whom Plaintiff alleged to work at the Southern Ohio Correctional Facility. (Doc. 15).

Plaintiff previously filed a motion requesting completion of service upon the remaining two Defendants, Dr. William McLemore and Nurse Practitioner Charles Adkins. (Doc. 32). That motion was granted on August 23, 2010. (Doc. 37). The Court's order directed the United States Marshal to "again attempt to serve a copy of the complaint, summons, the Order docketed on May 31, 2011 (Doc. 13) and this order upon Defendants McLemore and Nurse Practitioner Adkins, with costs of service to be advanced by the United States." (*Id.*).

Despite the Court's last order, service on the two Defendants has not yet been perfected. On November 10, 2011, summons was returned unexecuted as to both Defendants.[2] The "remarks" section of the process receipt and return forms explains that neither individual could be served at the address listed because neither is "employed at this [SOCF] location." (Doc. 44).

---

[1] For unknown reasons, no summons was issued to Nurse Practitioner Adkins.

[2] Although summons was returned unexecuted as to Nurse Joiner on the same date, that Defendant has already appeared and filed an answer to the complaint.

2

Plaintiff filed his first "motion for default judgment" on August 19, 2011, based upon the failure of Defendants Dr. McLemore and Nurse Practitioner Adkins to appear. (Doc. 36). On November 10, 2011, Plaintiff filed a second motion seeking entry of a default judgment against the same two Defendants. (Doc. 43).

**II. Analysis**

Because service has not been perfected on either of the two Defendants, Plaintiff's motions seeking entry of default judgment must be denied. On the other hand, a perpetual stalemate in the perfection of service cannot continue much longer without prejudice to the parties, the interests of this Court, and the interests of the public as a whole.

Rule 4(m), Fed. R. Civ. P. ordinarily requires a plaintiff to serve an opposing party within 120 days of the filing of his complaint. An extension of time may be granted for good cause. In this case, Plaintiff's complaint was filed on April 8, 2011, and more than 120 days have already elapsed without proper service upon Defendants McLemore and Adkins. Yet, Plaintiff proceeds *in forma pauperis,* meaning that he is entitled to free service by the United States Marshal, and the docket sheet of this Court reflects Plaintiff's diligent attempts to obtain service.

All of the named Defendants were employed at the prison at the time the events about which Plaintiff complains occurred. The Ohio Attorney General has appeared on behalf of four of those Defendants, but states that he is not authorized to waive service for the two remaining Defendants. Plaintiff requested service of those two Defendants at the prison facility in Lucasville, Ohio. The forms returned by the United States Marshal indicate that neither Defendant is presently employed at that facility.

Although prisoner-litigants are required to provide sufficient identifying information to permit the United States Marshal to serve each Defendant, they are not required to do the impossible. For security reasons, prisoners are prohibited from obtaining the home addresses of current or former prison personnel. In this case, it is unclear whether the two Defendants presently work at a different prison location or whether they will be represented by the Attorney General, assuming service can be perfected. In another case, United States District Judge Sandra S. Beckwith instructed the Ohio Attorney General "to submit *in camera* the home address of defendant [], if available" so that the Court could instruct the United States Marshal Service to attempt service of process on the unserved defendant without disclosing the home address to the Plaintiff. *See Blacker v. Desmarias*, Civil Case No. 1:09-cv-346 (Doc. 35). By separate order, I have directed the Ohio Attorney General in this case to provide similar information.

### III. Conclusion and Recommendation

Because Rule 55 permits entry of default judgment only when a defendant has failed to plead or otherwise defend a properly served complaint, and the record reflects that neither Dr. McLemore nor Nurse Practitioner Adkins have been served in this case, **IT IS RECOMMENDED THAT** Plaintiff's motions (Docs. 36, 43) be **DENIED.**

                                         /s Stephanie K. Bowman
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARVIN DEARING,

    Plaintiff,

v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

    Defendants.

Case No. 1:11-cv-204

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).