**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARVIN DEARING,　　　　　　　　　　　　　　Case No. 1:11-cv-204

　　　　Plaintiff,　　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

　　　　Defendants.

**MEMORANDUM ORDER**

**I. Background**

Plaintiff, presently incarcerated at the Ohio State Penitentiary and proceeding *pro se*, has filed three motions: (1) a renewed motion seeking the appointment of counsel (Doc. 51); (2) a motion for notice of deposition (Doc. 52); and (3) a renewed motion to compel discovery (Doc. 53). Plaintiff has also filed a response to Defendants' "untimely objections" to Plaintiff's written interrogatories.

**II. Analysis**

**A. Motion to Appoint Counsel**

In a prior motion seeking the appointment of counsel, Plaintiff argued that counsel should be appointed on his behalf for five reasons: (1) the need for significant research and investigation; (2) the complexity of the issues; (3) Plaintiff's temporary confinement in segregation with limited access to the law library; (4) Plaintiff's history of mental illness; and (5) Plaintiff's indigency. The Court denied Plaintiff's first motion for the appointment of counsel on August 1, 2011 (Doc. 31). To summarize the Court's prior analysis, Plaintiff's case is no more complex than other claims filed by pro se prisoners each year, and despite

his alleged mental illness, Plaintiff has sufficiently articulated his claims and has pursued an active motion practice.

Plaintiff has renewed his request for the appointment of counsel on grounds that he now needs counsel to assist him with the discovery process, including but not limited to Plaintiff's intent to take depositions. As the Court has previously explained, civil litigants have no constitutional right to the appointment of counsel at government expense. Plaintiff's renewed request no more presents the type of "exceptional circumstances" that would justify the appointment of counsel than did his first motion. Therefore, Plaintiff's second motion for the appointment of counsel also will be denied.

**B. Motion for Notice of Depositions**

In addition to his renewed motion for the appointment of counsel, Plaintiff has filed a motion "for notice of deposition" under Rule 30, Fed. R. Civ. P. Plaintiff's motion/Notice reflects that he intends to depose three or four named defendants, including Defendant Nurses Durham, Penron, and Joiner, as well as possibly Defendant Health Care Administrator Clagg.[1] Plaintiff's proposed Notice, which requests that the depositions be recorded via tape recorders supplied by Defendants, does not comply with the Federal Rules of Civil Procedure.

It must be noted that Plaintiff was previously warned by this Court not to file any discovery-related motions without completing the requisite certification that Plaintiff has exhausted good-faith attempts to resolve any dispute extrajudicially prior to filing a motion in this Court. (Doc. 45). However, Plaintiff does not appear to have consulted defense

---

[1] Plaintiff requests that Defendant Clagg be "present," but the motion is ambiguous as to whether Plaintiff seeks to separately depose that Defendant.

2

counsel prior to filing his motion for depositions, which alone is sufficient grounds for denying the motion.

In addition, Rule 30(b)(1) requires a Notice of Deposition to be served upon each deponent and/or his or her attorney, and to state the time and place for the deposition. Plaintiff's motion/notice was not served upon defense counsel and fails to state a definite time and place (other than the Ohio State Penitentiary) for the proposed depositions. Although Rule 30(b)(3) permits audio recording, the commentary to that 1993 amendment explains that a party choosing to record a deposition only by audiotape "should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56." *Id.* If warranted by the circumstances, a deponent may object to nonstenographic recording. *Id.* In general, even indigent civil litigants may be required to bear their own litigation expenses. *Dujardine v. Michigan Dept. Of Corrections*, 2009 WL 3401172 at *1 (W.D. Mich. Oct. 19, 2009)(collecting cases).

Plaintiff's motion will be denied because he failed to contact defense counsel before filing it, there is no indication that Plaintiff has served a proper Notice of deposition on any defendant, and Plaintiff has failed to make any arrangements with OSP officials for the taking of any depositions. Prison officials retain some discretion as to whether to permit an incarcerated litigant to personally appear to take a deposition, taking into consideration factors such as cost, inconvenience, danger, and the disruption to correctional operations. *See Holt v. Pitts*, 619 F.2d 558, 560-561 (6th Cir. 1980)(holding that an incarcerated litigant bringing a civil action under 42 U.S.C. §1983 has "no right to be personally present at any

3

stage of the judicial proceedings."); *see also In re Wilkinson*, 137 F.3d 911, 916 (6th Cir. 1998)(holding that prisoner-litigant had failed to demonstrate any "specialized need for an exception....to the general rule of non-attendance.").

On the other hand, Plaintiff does have a presumptive right to depose named Defendants. Despite its denial of the present motion, the Court notes that, if Defendants object to an in-person deposition, Defendants must permit alternate means for Plaintiff to obtain equivalent discovery. In some cases, prison officials have offered a deposition by telephone, so long as Plaintiff can first demonstrate his ability to pay the fees associated with conducting telephonic depositions. *See Brown v. Carr*, 236 F.R.D. 311 (S.D. Tex. 2006)(state prisoner proceeding *in forma pauperis* in §1983 action against prison officials required to pay fees associated with conducting telephonic depositions of officials). As stated, if Plaintiff desires a copy of the transcript of any deposition he takes, he should be prepared to pay the costs of obtaining that transcript. If Plaintiff cannot afford to take the depositions of Defendants via telephone, he may take the depositions upon written questions, *see* Rule 31. Alternatively, he may simply serve Defendants with interrogatories under Rule 33 - a method the record suggests that he has already employed to some degree.

### C. Second Motion to Compel Discovery

Plaintiff previously filed a motion for discovery, which was denied as premature in part because Defendants indicated that their responses would be forthcoming. Defendants did in fact serve responses to Plaintiff's requests for production on November 29, 2011, as well as responses to Plaintiff's interrogatory requests on December 2, 2011. Plaintiff now

seeks an order requiring Defendants to supplement those responses. In a presumed good faith attempt to comply with Rule 37 prior to filing this renewed motion to compel, Plaintiff represents that his "attempt to resolve the discovery matter with the defendants was negative." (Doc. 53 at 2).

### 1. Requests for Production

Defendants objected to most of Plaintiff's requests for production of documents, and produced only one group of documents: a copy of all informal complaints, grievances, and appeals to the chief inspector from Plaintiff to ODRC officials between January 2008 and November 2011. In his renewed motion to compel, Plaintiff specifically seeks copies of his medical records, and copies of the records of other inmates.

#### a. Plaintiff's Own Medical Records

Plaintiff has requested copies of his own medical records. Defendants' objection relies upon Ohio law that allows a prisoner to inspect, but not to possess, copies of his or her own medical records. *See, generally*, Ohio Rev. Code §5120.21; ODRC Policy 07-ORD-11. In order to merely *review* his or her own medical records, a prisoner must complete a form and schedule an appointment. *Id.* By contrast, an inmate's "designated attorney or physician" may obtain a physical copy of the records, upon an inmate's written consent and payment of "a reasonable fee." O.R.C. §5120(C)(2). A request that an inmate's medical records be made available to a physician or to a designated attorney may not be made "more than once every twelve months." *Id*.

As Plaintiff points out, his medical records are highly relevant (and likely essential) to prove his Eighth Amendment claim for deliberate indifference to a serious medical

5

condition.  The clearest proof of the existence of a serious medical condition lies in the requested records.  In addition, part of Plaintiff's claim in this case involves allegations of delayed care, which Plaintiff seeks to prove partially through copies of "sick call slips ....[that] will show the numerous request[s] the Plaintiff made to the medical department to be treated."  (Doc. 53 at 9).

Under the circumstances, the Court will grant Plaintiff's request for a copy of his medical records, restricted to the time frame of January 1, 2008 through November 2011. Although such records ordinarily may be accessed only by prison employees, or as provided concerning an inmate's designated physician or attorney, the statute does not restrict additional access if granted "by the consent of the department [of rehabilitation and correction] or the order of..a court of record."  O.R.C. §5120.21(A).

### b. Records of Other Inmates

The Court will deny Plaintiff's motion and sustain Defendant's objection to producing copies of grievances over medical care filed by other inmates.  Both state and federal laws restrict access to such records of other inmates, and Plaintiff fails to make any showing that the otherwise highly confidential documents are relevant to his claims.  Plaintiff suggests that such records are relevant "to the claim of supervisory liability," (Doc. 53 at 6) but Plaintiff does not appear to have brought any such claim against any supervisory official in this case.  In any event, under 42 U.S.C. §1983, no defendant can be held liable under a vicarious or *respondeat superior* theory.  Instead, a plaintiff must show that the supervisory defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending prison officials.  *See Colvin v. Caruso,* 605

F.3d 282 (6th Cir. 2010).

### 2. Interrogatories

#### a. Motion to Compel Additional Response

Plaintiff also seeks to compel a more detailed response to one of his interrogatories, concerning the three nurse-defendants' moral and ethical duties as medical personnel under the Eighth Amendment. Defendants responded by producing copies of their job descriptions, as well as a copy of the "Florence Nightingale Oath" that was administered to them. The Court sustains Defendants' objections and overrules Plaintiff's motion to the extent that Plaintiff seeks to compel supplementation of those responses.

#### b. Plaintiff's Responses to Defendants' Objections to Interrogatories

In a separate document (Doc. 54), Plaintiff asserts that the Defendants' various objections to the form of his interrogatories are improper. As Defendants note, each Defendant objected only as to form, not in lieu of responding to the Plaintiff's interrogatories. Plaintiff has filed no specific motion concerning this issue, and the propriety of Defendant's objections is not relevant unless and until the responses are used at trial or in the course of the Court's ruling on Defendants' anticipated motion for summary judgment. Therefore, the Court declines to rule on the Defendants' general objections at this time.

### III. Conclusion and Order

Accordingly, for the reasons discussed herein, **IT IS ORDERED**:

1. Plaintiff's motion to appoint counsel (Doc. 51) is **DENIED**;

2. Plaintiff's motion for discovery (Doc. 52) is **DENIED**;

3. Plaintiff's motion to compel additional discovery responses (Doc. 53) is **GRANTED** only to the extent that Defendants must produce to Plaintiff, within ten (10) days, copies of his medical records from January 1, 2008 through November 2011. In all other respects, Plaintiff's motion is **DENIED**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge