UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN DEARING,

      Plaintiff,

v.

INSTITUTIONAL INSPECTOR
MAHALMA, *ET AL*.,

      Defendants.

CASE NO.: 1:11-CV-204

Barrett, J.
Bowman, M.J.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends granting the defendants' motion for summary judgment and dismissing all of the plaintiff's remaining claims. (Doc. 95).[1] The parties were given proper notice pursuant to Fed. R. Civ. P. 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[2] After being granted extensions of time, the plaintiff filed timely objections to the Report. (Doc. 115). The defendants subsequently filed a timely response to the plaintiff's objections. (Doc. 119).

The plaintiff also filed several additional motions, including a Motion for Leave to File a Supplemental Complaint (Doc. 112), a Motion for Expert Testimony or Witness to be Appointed by the Court and to Add New Evidence (Doc. 113), and a Motion for Temporary Restraining Order. (Doc. 114). The defendants filed a motion for extension of time and a motion for leave to file instanter their responses to those motions. (Doc. 117; Doc. 120).

---

[1]All document citations are to the Court's docket entry numbers.
[2]Notice was attached to the Report. (Doc. 95, p. 22).

1

**I.     BACKGROUND**

The procedural background and the pertinent facts have been thoroughly and adequately summarized in the Report (*see* Doc. 95), and thus, will not be repeated here.  However, the Court will identify any facts relevant to its decision when addressing the plaintiff's objections below.

**II.    ANALYSIS OF OBJECTIONS**

    **A.     Standards of Review**

        **1.  Objections to the Report**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Nevertheless, the objections of a plaintiff appearing *pro se* will be construed liberally.  *See Erickson v. Pardus,* 551 U.S. 89, 94, (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

        **2.  Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" only if its resolution affects the outcome of the suit.  *Id.*  On summary

judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the nonmoving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

B. **Objections**

In his objections, the plaintiff reiterates that his claims are brought under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights. He then provides lengthy explanations of his case against the remaining defendants and his disagreement with the Magistrate Judge's suggested summary judgment resolution. Although the plaintiff's objections appear to reiterate the arguments presented to the Magistrate Judge, the Court will consider them broadly in its analysis below.

The plaintiff's objections all appear to be directed at the Magistrate Judge's rulings on the individual capacity claims. (*See generally* Doc. 115). To the extent they are directed at the official capacity claims, however, the Court concludes that the Magistrate Judge was correct in determining those official capacity claims against the defendants for monetary damages are

3

barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Those official capacity claims against the defendants for monetary damages are therefore dismissed.

As for the individual capacity claims, the Court likewise concludes that the Magistrate Judge was correct in her rulings. With respect to Dr. McLemore, the plaintiff's objections do nothing to change that the record evidence reflects his only involvement was as a radiologist charged with the contractual responsibility to read, interpret, and generate a written report of findings following his review of the plaintiff's x-rays on or about April 5, 2010. (Doc. 95, pp. 8-9; Doc. 115, pp. 14-19). As the Magistrate Judge correctly determined, that record evidence is not disputed by other record evidence, and it shows that Dr. McLemore took no personal action that could either objectively or subjectively be viewed as a violation of the Eighth Amendment. (Doc. 95, p. 9). Although the plaintiff continues to urge the Court to deny the defendants' motion or to stay dismissal until he obtains the identity of the x-ray technician, the Court adheres to the Magistrate Judge's conclusion that the plaintiff is "not entitled to reopen discovery to obtain the name(s) of additional providers and/or potential John Doe Defendants who may have treated him during the same time frame." (Doc. 95, p. 10).[3]

The plaintiff's objections concerning Health Care Administrator Clagg fare no better. The Magistrate Judge correctly rejected plaintiff's general complaints that Clagg failed to turn in his complaint forms, and/or failed to properly investigate his claims of inadequate medical care on the basis that Section 1983 "does not provide any substantive rights to an effective grievance procedure or for a failure to investigate." (Doc. 95, p. 10); *see also Laney v. Farley*, 501 F.3d

---

[3] The Magistrate Judge recognized that the plaintiff's complaint contains allegations concerning several other medical providers who were never named as defendants or served with process, and that it would be "unfairly prejudicial" to the defendants to permit the plaintiff to amend his complaint at this stage of the litigation. (Doc. 95, p. 10).

577, 581 n. 2 (6th Cir. 2007); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). The Magistrate Judge further correctly rejected the plaintiff's arguments that Clagg should be held liable under a *respondeat superior* theory for her role as the health care supervisor. (Doc. 95, p. 11). Yet, the plaintiff continues to object on the basis that Clagg did not respond to his numerous informal complaints and acquiesced in the allegedly unconstitutional behavior of subordinates, without providing any explanation as to why he believes the Magistrate Judge's conclusion on those precise arguments was incorrect. (Doc. 115, p. 10). Even considering the plaintiff's objection broadly, his argument that he complained to Clagg about the nurses and practitioners who failed to provide him medication and/or the treatment the plaintiff desired (Doc. 115, pp. 11-12) is insufficient to hold Cragg liable for the acts of the employees. The Sixth Circuit has recognized that supervisor liability does not attach where, as here, the supervisor played a passive role in the alleged violation or showed mere tacit approval of the acts without encouraging or condoning any of those actions. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *see also Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Further, supervisor liability under Section 1983 does not attach where, as here, "the allegation of liability is based upon a mere failure to act." *Bass*, 167 F.3d at 1048; *Summers*, 368 F.3d at 888. Given that liability must be based on more than "a mere right to control employees and cannot be based upon simple negligence," the plaintiff's arguments as to Clagg still fail to rise to a level sufficient to impose supervisory liability on her. *Bass*, 167 F.3d at 1048; *Summers*, 368 F.3d at 888. Therefore, having reviewed the Magistrate Judge's conclusion, the Court finds it to be correct and concludes that Cragg is entitled to summary judgment on the plaintiff's claims against her.

As for the claims against Nurse Practitioner Adkins, Nurse Penron, Nurse Durham and Nurse Joiner, the Magistrate Judge explained that deliberate indifference under the Eighth Amendment includes both an objective and a subjective component that must be satisfied by a preponderance of the evidence. (Doc. 95, pp. 11-12) (citing *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003); *Brooks v. Celeste*, 39 F.3d 125, 127-28 (6th Cir. 1994)).[4] With those standards in mind, the Magistrate Judge explained that "the essence of the plaintiff's claims is that he was not provided unfettered access to a physician when he requested to be seen, and that he was not prescribed adequate pain medication for his chronic neck pain." (Doc. 95, p. 11). After reviewing the record evidence, the Magistrate Judge concluded that "all Defendants are entitled to summary judgment based upon Defendants' demonstration that Plaintiff cannot prove either the objective or subjective components of a constitutional violation, as opposed to a mere claim for negligence or malpractice." (Doc. 95).

Despite that conclusion, a significant portion of the plaintiff's objections is directed towards re-explaining the actions of the defendants that his claims rose to the level of a constitutional violation. (*See generally* Doc. 115). Yet, he does not provide any evidence or argument that would alter the Magistrate Judge's correct conclusion. First, he does not provide any evidence to show that his pain is anything more than the chronic-type pain from a seventeen-year-old gunshot wound that the Magistrate Judge correctly concluded does not constitute an "obvious" or life-threatening acute medical event that would satisfy the objective component of a deliberate indifference claim under the Eighth Amendment. (Doc. 95, p. 14). Second, while the plaintiff continues to make broad conclusory statements about his delay in treatment, he still has presented no "verifying medical evidence" as to any delay causing a "serious medical injury."

---

[4] Notably, the Magistrate Judge also determined that Dr. McLemore and Clagg would be entitled to judgment on this basis as well, even if the plaintiff had offered evidence of their personal involvement. (Doc. 95, p. 8 n. 3).

(Doc. 95, p. 15) (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004); *Harrell v. Grainger Cnty.*, 391 F. App'x 519, 524 (6th Cir. 2010)). Further, the plaintiff has not disputed the Magistrate Judge's correct conclusion that courts have determined that similar claims do not rise to the level of an Eighth Amendment violation, and that "there is no constitutional right to receive narcotic pain medication, nor is there a right to receive unlimited pain medication for an indefinite period of time." (Doc. 95, p. 16) (collecting cases). Thus, on the record presented, this Court agrees with the Magistrate Judge that the plaintiff has not satisfied the objective component of a claim for deliberate indifference under the Eighth Amendment.

Similarly, the plaintiff has not contradicted the Magistrate Judge's conclusion that the record evidence does not satisfy the subjective component of a claim for deliberate indifference under the Eighth Amendment. Although the plaintiff must show that each of the defendants consciously disregarded a significant risk of harm, the plaintiff still has pointed the Court to no record evidence that any of the nurses were aware of any significant risk to the plaintiff that could result from their alleged inattention. (Doc. 95, p. 19). His argument appears to be that the nurses knew that he was reporting pain and had bullet fragments in his neck, had the ability to prescribe medications to him, and yet still failed to prescribe such medication. (*See generally* Doc. 115). In support, he cites to *Dominguez v. Correctional Medical Services*, 555 F.3d 543 (6th Cir. 2009), where the court concluded that there were at least genuine issues of material fact as to whether a nurse acted with deliberate indifference by ignoring the known risks of excessive heat, dehydration and heat stroke that resulted in an inmate becoming a quadriplegic. Here, although the plaintiff reported pain, the evidence does not demonstrate that his reports of pain indicated to the defendants the presence of such serious and significant risk of harm resulting

7

from inattention as those in *Dominguez*. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Comsotck v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Further, as the Magistrate Judge thoroughly explained, the medical evidence confirms that the plaintiff actually received a significant amount of medical attention in response to his requests and complaints. (*See* Doc. 95, pp. 19-20). While the plaintiff may continue to disagree with the medical decisions of the defendants or the type of treatment he received for his pain, his disagreements are insufficient to sustain a deliberate indifference claim under the Eighth Amendment. At most, the defendants' actions reflect behavior that may be akin to negligence, which is not actionable under the Eighth Amendment.

As for the plaintiff's objection relating to whether he laid the proper foundation for the documents he characterizes as exhibits, that objection is not well taken. The Magistrate Judge did not outright ignore the documents the plaintiff offered as evidence in ruling on his claims. Rather, the Magistrate Judge noted that the plaintiff did not lay the proper foundation for those documents, but then she held that "even if Plaintiff could properly authenticate the challenged exhibits, the Defendants still would be entitled to summary judgment." (Doc. 95, p. 7). As such, the Court finds no error by the Magistrate Judge in this respect.

### III.  MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

The plaintiff seeks to file a supplemental complaint to add Dr. Ahmed as a defendant based on his recent treatment of the plaintiff at the end of 2013. (Doc. 112). Having reviewed the request, the Court concludes that amendment is not appropriate in this case and therefore denies it.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice of requires." However, leave will be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the plaintiff seeks to amend the complaint almost three years after this case initially was instituted and after summary disposition already has been recommended by the Magistrate Judge to add claims based on events that occurred at the end of 2013 into the present year and that concern an individual who has never been named as a defendant in this matter. To allow the amended complaint at this time would delay resolution of the present case that is based on events occurring well before 2013 and the resolution of which are not dependent upon the current treatment of the plaintiff. As such, the Court finds that allowing the supplemental complaint to be filed in this action would prejudice the defendants. *Reed v. Speck*, 508 F. App'x. 415, 423 (6th Cir. 2012) (leave to amend properly denied where the plaintiff made two prior amendments, discovery was closed and the deadline for filing dispositive motions had passed). To the extent the plaintiff contends that additional incidents have recently occurred by other individuals that rise to the level of constitutional violations for which he seeks relief, he may seek relief by filing a new complaint in a separate action.

### IV.    MOTION FOR INJUNCTIVE RELIEF

The plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. 114) appears to be based upon the incidents alleged in the supplemental claim that he has sought

to file, but which the Court has determined cannot be filed in the instant action. As such, granting injunctive relief on those claims is not appropriate.

Even if the Court permitted the supplemental claim to be filed in this action, the motion would be denied. Under Federal Rule of Civil Procedure 65, injunctive relief is an extraordinary remedy, the purpose of which is to preserve the status quo. "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction[.]" *Reid v. Hood*, No. 1:10 CV 2842, 2011 U.S. Dist. LEXIS 7631, at *2 (N.D. Ohio Jan. 26, 2011) (citing *Motor Vehicle Bd. of Calif. V. Fox*, 434 U.S. 1345, 1347 n. 2 (1977)). In determining whether to grant or deny injunctive relief, this Court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)). The foregoing factors are not prerequisites, but rather are factors that the Court should balance. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). Notwithstanding this balancing approach, the likelihood of success and irreparable harm factors predominate the inquiry. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Here, the allegations in the proposed supplemental claim relate to the purported Eighth Amendment violations of a new defendant-doctor at SOCF. It is not clear from the allegations set forth by the plaintiff in his motion whether he exhausted the grievance process as to the

claims which he now attempts to assert. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002) (stating that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies). His failure to properly grieve his concerns would preclude a finding of a likelihood of success on the merits.

Also significant is that the plaintiff does not request that the Court maintain the status quo and prohibit his transfer to another facility. Rather, the plaintiff requests that the Court order him transferred to a prison institution other than SOCF at which he currently is located so as to avoid the treatment by the new doctor at SOCF that he claims violates his constitutional rights. Such an order would not preserve the status quo until a decision can be rendered on the merits of the new claim he seeks to assert. *See Gooden v. Bradshaw*, No. C-1-08-115, 2009 WL 1929078, at *4 (S.D. Ohio July 2, 2009) (denying injunctive relief where plaintiff failed to exhaust administrative remedies and the relief requested was an affirmative order to correct constitutional deficiencies yet to be proven that was beyond the scope of injunctive relief). As such, his request for injunctive relief would be denied.

V.      **CONCLUSION**

For the foregoing reasons, the plaintiff's objections (Doc. 115) are **OVERRULED** and the Report (Doc. 95) is **ADOPTED** in its entirety. Consistent with this opinion and the Report, the defendants' motion for summary judgment (Doc. 90) is **GRANTED**, and all of the claims are hereby **DISMISSED**.

Along with and in light of the foregoing, the Court further ORDERS that:

1. The plaintiff's motion for leave to file a supplemental complaint (Doc. 112) is **DENIED**;

2. The plaintiff's motion for a temporary restraining order (Doc. 114) is **DENIED**; and

    3. The plaintiff's motion for expert testimony or witness to be appointed by the court and to add new evidence (Doc. 113) is **DENIED AS MOOT**.

Not only were these subsequent filings submitted to the Court at a late stage of the proceeding after the Magistrate Judge already had recommended granting summary judgment to the defendants, but none of those filings or the arguments presented therein alter the Court's conclusion on the issues presented herein.  To the extent the plaintiff contends that new individuals have his constitutional rights, that relief must now be sought separately from the instant action.

    This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED**.

                                           s/Michael R. Barrett  
                                           Michael R. Barrett, Judge  
                                           United States District Court